# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re:

**MAYRA ISABEL GONZALEZ CANCEL**

XXX-XX-7888

Debtor

Case No.: 20-01588 (ESL)

## TRUSTEE'S OBJECTION TO DEBTOR'S MOTION REQUESTING AUTHORIZATION TO RETAIN THE 2020-2022 TAX REFUNDS

**TO THE HONORABLE COURT:**

COMES NOW Chapter 13 Trustee, José R. Carrión, through the undersigned attorney, and very respectfully submits an Objection to Debtor's Motion Requesting Authorization to Retain the 2020-2022 Tax Refunds upon her failure to disclose a considerable increase in income and a $69,000.00 liquidation of licenses received upon retirement during the year 2022.

The present bankruptcy case was filed on April 7, 2020 (Docket 1). Per Schedule I of the bankruptcy petition Debtor was employed as an operations supervisor making $3,922.19 gross a month; **$47,066.28 gross a year**. Docket no. 13

Schedule I has remained unaltered since May 2020.

The confirmed Chapter 13 plan in this case is the one dated July 21, 2020 (Docket 62, the "Plan").

Section 2.3 of the plan imposed onto the debtor the obligation to "supply the trustee with a copy of each income tax return filed during the plan term within

1

14 days of filing the return and will comply with 11 U.S.C. Section 1325 (b)(2). If the Debtor(s) need(s) to use all or a portion of such tax refunds, debtor (s) shall seek court authorization prior to any use thereof." Id.

Section 8 of the plan includes the following provision regarding the tax refunds that the debtor receives during the life of the case:

> "8.2 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan: TAX REFUNDS WILL BE DEVOTED EACH YEAR, AS PERIODIC PAYMENTS, TO THE PLAN'S FUNDING UNTIL PLAN COMPLETION. THE TENDER OF SUCH PAYMENTS SHALL DEEM THE PLAN MODIFIED BY SUCH AMOUNT, INCREASING THE BASE THEREBY WITHOUT THE NEED OF FURTHER NOTICE, HEARING OR COURT ORDER. IF NEED BE FOR THE USE BY DEBTOR(S) OF A PORTION OF SUCH REFUND, DEBTOR(S) SHALL SEEK COURT'S AUTHORIZATION PRIOR TO ANY USE FUNDS ANY POST PETITION INCOME TAX REFUND THAT DEBTOR(S) WOULD BE ENTITLED TO RECEIVE DURING THE TERM OF THE PLAN WILL BE USED TO FUND THIS PLAN. AFTER ITS CONFIRMATION, AND WITHOUT FURTHER NOTICE, HEARING OR COURT ORDER, THE PLAN SHALL BE DEEMED MODIFIED BY THE INCREMENT (S) TO ITS BASE, IN AN AMOUNT EQUAL TO THE AMOUNT OF EACH INCOME TAX REFUND."

The order confirming the plan includes the following language: "7. Debtor(s) has (have) a continuing obligation, during the term of the plan, to report to the Court, thru the pertinent motion or amendment to schedules, any change to the (their) financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means." Docket no. 76.

On July 11, 2025, the Trustee filed a Motion to Dismiss upon debtor's failure to submit the 2020-2023 tax refunds in compliance with the terms of the confirmed plan. Docket no.105.

In response to Trustee's Motion to Dismiss, the Debtor filed a Motion Requesting Entry of Order for the Use of the Tax Refunds received during the years

2

2020-2022. Docket no. 106. Per such Motion, the Debtor received a total amount of $9,490.00 in refunds and debtor used the same, without court authorization, to cover extra expenses such as lenses, medicines, utilities, gas for the vehicle and vehicle maintenance. Docket no. 106. Evidence to support her allegations has not been produced.

In order to state his position as to Debtor's Motion Requesting Authorization to Retain Tax Refunds the Trustee audited debtor's case and the tax returns, which were recently submitted for evaluation, and noticed that Debtor's income had increased exponentially during the life of the case and that Debtor had failed her obligation to disclose the increase in income to the Court and the Trustee in compliance with the terms of the order confirming the plan.

**Debtor's tax returns reveal the following:**

(a) Per the **2020** tax return, Mrs. Gonzalez's annual salary was **$54,243.00. Debtor received a tax refund for such a year in the amount of $2,621.00. The debtor made, and failed to report, an additional $7,176.72 gross that year.**

(b) Per the **2021** tax return, Mrs. Gonzalez's annual salary was **$54,588.81. Debtor received a tax refund for such a year in the amount of $4,220.00. The debtor made, and failed to report, an additional $7,522.81 gross that year.**

(c) Debtor submitted parts of the **2022** tax return and the documents that were received are blurry. At this time, it is not clear what Mrs. Gonzalez's annual salary was that year. However, from the pages that were submitted, Debtor did receive a tax refund in the amount of **$2,649.00** and a liquidation from employer in the amount of **$69,003.00.**

The debtor must submit a complete copy of the 2022 tax return for evaluation.

(d) Regarding the years 2023 and 2024, the debtor submitted a form 2781 stating that she retired from the work force and was collecting Social Security Benefits during such years. Debtor has failed to disclose the date on which she retired.

**In total, without counting the $69,000.00 liquidation from the employer, Debtor failed to report having made at least an additional $14,699.53 during the life of the plan. If we consider the liquidation received, debtor received, and failed to report an additional $ 83,702.53.**

Debtor failed to disclose a considerable increase in income, and the receipt of a considerable amount of money during year 2022, which constitutes an act of bad faith to the detriment of his general unsecured creditors. Considering the unreported income, the retention of the tax refunds to cover budgeted expenses is not reasonable even with the rise in the cost of living.

The Trustee brings to the Court's attention that, under the terms of the confirmed plan, the general unsecured creditors are approximately **$22,300.00 away from the payment in full of their claims**[1]. Considering the amount of extra, and unreported, income generated by the debtor during the life of the case, it is the Trustee's position that Debtor could have paid in full the general unsecured claims that were timely filed.

In light of the aforementioned, the Trustee objects to debtor's retention of the tax refunds. Considering the facts of this case, it is the Trustee's position that debtor should pay in full her creditors or the case should be dismissed with a bar to refile.

---

[1] The minimum base needed to pay 100% of the GU claims totals approximately $43,172.00.

4

The Trustee will not withdraw the pending Motion to Dismiss in light of the aforementioned.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court take note of the aforementioned and enter an order denying Debtor's Motion Requesting Authorization to Retain part of the 2020-2022 tax refunds in docket no. 106.

**RESPECTFULLY SUBMITTED**

**NOTICE:** Within **twenty one (21)** days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003:** I hereby declare according to the attached certification(s), provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is (are) not in active duty or under call to active duty as a member(s) of the ARMY, NAVY, or AIR FORCES of the United States of America; the National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served on the same date of this motion to: the DEBTOR(s) via regular mail, to his address of record, and her/his/their attorney, via regular mail if not a ECFS registered user, and to all Creditors and Parties in Interest, to their respective address of record, if not an ECF filer.

In San Juan, Puerto Rico, this 29th day of July 2025.

By: /s/ Nannette M. Godreau Vázquez

**Staff Attorney**
  Bar No.: 227,310

**/s/ José R. Carrión**

  **JOSE R. CARRION MORALES**
  CHAPTER 12 &13 TRUSTEE
  P.O. Box 9023884
  Old San Juan Station

  San Juan, P.R. 00902-3884
  Tel (787) 977-3535

The undersigned hereby certifies that a true copy of the foregoing document was mailed by first class mail to the parties listed below:

| | |
|---|---|
| JOSE R. CARRION<br>PO BOX 9023884, OLD SAN JUAN STATION<br>SAN JUAN, PR 00902 | MARIA DE LOS ANGELES GONZALEZ, ESQ.<br>US POST OFFICE & COURTHOUSE<br>300 RECINTO SUR ST., SUITE 109<br>OLD SAN JUAN, PR 00901 |
| PETER ANTHONY SANTIAGO GONZALEZ*<br>PO BOX 1414<br>SABANA GRANDE, PR 00637 | DEPARTMENT OF TREASURY<br>PO BOX 9024140<br>SAN JUAN, PR 00902 |
| UNEMPLOYMENT INSURANCE<br>PUERTO RICO DEPT OF LABOR<br>12 FLOOR 505 MUNOZ RIVERA AVE. | MAYRA ISABEL GONZALEZ CANCEL<br>352 CALLE SAN CLAUDIO<br>PMB 259<br>SAN JUAN, PR 00926-4143 |
| AEE<br>PO BOX 363508<br>SAN JUAN,, PR 00936-3508 | BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN, PR 00936 |
| BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN, PR 00936 | BANCO SANTANDER<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 |
| BANCO SANTANDER DE PR<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 | CAPITAL ONE BANK (USA) NA<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083 |
| CAPITAL ONE BANK USA NA<br>BY AMERICAN INFOSOURCE AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK 73118 | CITIBANK NA<br>6716 GRADE LN BLG 9 STE 910-PY DEPT<br>LOUISVILLE, KY 40213-3439 |
| CITIBANK NA<br>5800 S CORPORATE Pl<br>SIOUX FALLS, SD 57108-5027 | EASTERN AMERICA INSURANCE COMPANY<br>PO BOX 9023862<br>SAN JUAN, PR 00902 |
| EASTERN AMERICA INSURANCE COMPANY<br>PO BOX 9023862<br>SAN JUAN, PR 00902 | ISLAND PORTFOLIO SERVICES LLC<br>AS SERVICER OF MOTORES IMAGEN LLC<br>221 PONCE DE LEON AVE SUITE 302<br>SAN JUAN, PR 00917 |
| ISLAND PORTFOLIO SERVICES LLC AS SERVICER OF MOTLVNV FUNDING LLC<br>C/O CHARLINE MICHELLE JIMENEZ ECHEVARRIA<br>PO BOX 191134<br>SAN JUAN, PR 00919-1134 | RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE, SC 29603-0587 |
| MACYS/ DSNB<br>PO BOX 8218<br>MASON, OH 45040 | MACYS/DSNB<br>PO BOX 8218<br>MASON,, OH 45040-8218 |

| | |
|---|---|
| MUEBLERIA BERRIOS<br>PO BOX 674<br>CIDRA,, PR  00739-0674 | MUEBLERIAS BERRIOS<br>PO BOX 674<br>CIDRA, PR  00739 |
| ORIENTAL BANK<br>C/O WILLIAM SANTIAGO SASTRE<br>PO BOX 79552<br>CAROLINA, PR  00984 | ORIENTAL BANK<br>PO BOX 364745<br>SAN JUAN, PR  00936-4745 |
| ORIENTAL BANK<br>C/O DE DIEGO LAW OFFICES<br>PO BOX 79552<br>CAROLINA, PR  00984-9552 | ORIENTAL BANK<br>C/O WILMER MORALES FONSECA<br>PO BOX 79552<br>CAROLINA, PR  00984-9552 |
| ORIENTAL BANK & TRUST<br>PO BOX 195115<br>SAN JUAN, PR  00919-5115 | ORIENTAL BANK AND TRUST<br>PO BOX 195115<br>SAN JUAN,, PR  00919-5115 |
| POPULAR AUTO<br>PO BOX 366818<br>SAN JUAN, PR  00936-6818 | POPULAR AUTO LLC<br>C/O EDGAR A VEGA RIVERA<br>CONSUMER BANKRUPTCY DEPARTMENT<br>PO BOX 366818 |
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 12914<br>NORFOLK, VA  23541 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK, VA  23541 |
| SANTANDER FINANCIAL<br>DBA ISLAND FINANCE<br>PO BOX 195369<br>SAN JUAN, PR  00919-5369 | SANTANDER FINANCIAL DBA ISLAND FINANCE<br>PO BOX 195369<br>SAN JUAN, PR  00919 |
| SANTANDER FINANCIAL SERVICES<br>ISLAND FINANCE<br>PO BOX 195369<br>SAN JUAN,, PR  00919-5369 | SPRINT CORP<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK, KS  66207-0949 |
| SYNCHRONY BANK BY AIS INFOSOURCE LP AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK  73118 | SYNCHRONY BANK BY AIS INFOSOURCE LP AS AGENT<br>DEPT 888<br>PO BOX 4457<br>HOUSTON, TX  77210-4457 |
| VANGIE MARTINEZ FELICIANO<br>PARQUES DE LA VISTA<br>2 APT 135D<br>SAN JUA, PR  00000 | |

DATED: July 29, 2025

NANNETTE M GODREAU

OFFICE OF THE CHAPTER 13 TRUSTEE